```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY


  IRYNA PASTAVALAVA,
                                         1:19-cv-09211-NLH
          Plaintiff,
                                         OPINION
     v.

  CHAD WOLF, Acting Secretary
  of Homeland Security,1 et
  al.,

          Defendants.
```

**APPEARANCES:**

TATIANA S. ARISTOVA
KHAVINSON & ASSOCIATES PC
10 SCHALK'S CROSSING ROAD
SUITE 501-295
PLAINSBORO, NJ 08536

    *On behalf of Plaintiff*

ENES HAJDARPASIC
UNITED STATES ATTORNEY'S OFFICE
DISTRICT OF NEW JERSEY
970 BROAD ST
NEWARK, NJ 07102

    *On behalf of Defendants*

**HILLMAN**, District Judge

    This is an action pursuant to the Immigration and

---

[1] Plaintiff filed her complaint on April 2, 2019.  The Secretary of Homeland Security at that time was Kirstjen Nielsen.  Chad Wolf was named the Acting Secretary of Homeland Security in November 2019.

Nationality Act ("INA") § 310(c), 8 U.S.C. § 1421(c), seeking review of a decision by the United States Citizenship and Immigration Services ("USCIS") to deny the application for United States citizenship by Plaintiff Iryna Pastavalava, who is a lawful permanent resident ("LPR") of the United States.

On December 18, 2004, Plaintiff married her prior spouse. They divorced on July 7, 2006. On August 11, 2006, the Plaintiff filed, though counsel, a Form I-360, Petition for Amerasian, Widow(er) or Special Immigration, pursuant to section 204(a)(1) of the Immigration and Nationality Act, as amended by the Battered Immigrant Women Protection Act of 2000 ("Form I-360"). Plaintiff filed the I-360 on the basis that she was a battered or abused ex-spouse of a United States citizen. Plaintiff's I-360 petition was accepted by USCIS on September 20, 2006.

Unbeknownst to her attorneys, however, Plaintiff married her current spouse on September 18, 2006. Under the governing regulations, remarriage prior to the approval of the Form I-360 is a statutory basis for the denial of a self-petition. Remarriage prior to the approval of the Form I-360 is also a statutory basis for automatically revoking an approved self-petition.

On February 21, 2008, USCIS approved the Form I-360. On September 30, 2010, USCIS approved Plaintiff's Form I-485,

2

application for adjustment to lawful permanent resident ("Form I-485"), even though Plaintiff was ineligible to adjust by virtue of her remarriage during the pendency of her I-360.  On November 20, 2018, USCIS, recognizing the prior error, denied Plaintiff's Form N-400 application for naturalization ("N-400") determining her to have been ineligible to adjust, and thus ineligible to naturalize.  On February 28, 2019, USCIS affirmed its decision.

Plaintiff filed a five-count complaint against USCIS claiming, among other things, that she was not aware of the requirement not to marry, and USCIS never advised her of the requirement not to marry, neither in the I-360 receipt, nor in the request for evidence with regard to the I-360 petition. Plaintiff claims that if USCIS believed that the I-360 was approved in error, form I-485 should have been denied at that time.  Plaintiff claims that USCIS should now be estopped from claiming that Plaintiff's I-485 petition was approved in error because (1) she was completely truthful in all of her applications on her end, (2) USCIS never advised her of the requirement not to marry or of the requirement to keep USCIS updated as to her marital status, and (3) USCIS had approved Plaintiff's form I-485 Application to Adjust status, with full knowledge and complete disclosure of Plaintiff's marital status.

Additionally, Plaintiff claims that the requirement that I-

3

360 self-petitioning applicants must remain unmarried for the duration of their I-360 proceedings, which may last for years as shown by her situation, is invalid and unlawful, is unconstitutional, and infringes upon one of the most fundamental constitutional rights - the right to marry.

Plaintiff further claims that USCIS's denial of her N-400 naturalization application was in violation of the U.S. Constitution's prohibition against cruel and unusual punishment. Plaintiff claims that she had an extremely damaging experience in her prior marriage, which led to her filing of the I-360 petition.  Plaintiff claims that it took her a long time to recover and put her life back together with the help of her current husband.  Plaintiff claims that her second marriage was not entered into for any immigration purposes because her current husband was a lawful permanent resident at the time of the marriage, he was not trying to receive any immigration benefit via this marriage, and he is now a citizen of the United States.  Plaintiff claims that the decision to marry was essential to her pursuit of happiness and the perpetual denial of her right to seek U.S. citizenship constitutes a cruel and unusual punishment for her bona fide ignorance of the legal requirements relating to form I-360 petitions and for exercise of her constitutional right to marry.

Plaintiff requests that the Court vacate the decision by

USCIS as arbitrary and capricious, an abuse of discretion, and otherwise inconsistent with the law, and remand to the District Director for a proper decision in conformance with the law. Alternatively, Plaintiff seeks that this Court conduct a *de novo* hearing on her application for naturalization.

Currently pending is Plaintiff's motion for summary judgment.[2]  Under Federal Civil Procedure Rule 56(a), a party may move for summary judgment, identifying each claim, or the part of each claim, on which summary judgment is sought.  "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).

The Federal Rules and this Court's Local Rules provide the requirements for a procedurally and substantively proper motion for summary judgment.  Federal Civil Procedure Rule 56(c) instructs:

> (c) Procedures.
>
>     (1) Supporting Factual Positions. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
>         (A) citing to particular parts of materials in

---

[2] Also pending is Defendants' motion to seal several of their exhibits submitted in support of their opposition to Plaintiff's summary judgment motion.  Defendants' motion to seal will be addressed in a separate Order.

5

>   the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
>   (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
>
>   (2) Objection That a Fact Is Not Supported by Admissible Evidence. A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
>
>   (3) Materials Not Cited. The court need consider only the cited materials, but it may consider other materials in the record.
>
>   (4) Affidavits or Declarations. An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

Fed. R. Civ. P. 56(c).

This District's Local Civil Rule 56.1(a) requires that on motions for summary judgment the moving party shall provide the Court with a statement of all material facts not in dispute.  L. Civ. R. 56.1(a).  These facts shall be set forth in "separately numbered paragraphs citing to the affidavits and other documents submitted in support of the motion." L. Civ. R. 56.1(a).  The purpose of the Rule 56.1 statement is for the parties to identify the facts relevant to the pending motion so the Court may determine whether a genuine dispute exists without having to first engage in a lengthy and timely review of the record.

Vibra-Tech Engineers, Inc. v. Kavalek, 2011 WL 111417, at *2 (D.N.J. 2011).

The Local Rule specifically provides that a motion unaccompanied by "a statement of material facts not in dispute shall be dismissed."  L. Civ. R. 56.1(a); see also Kee v. Camden County, 2007 WL 1038828, at * 4 (D.N.J. 2007) ("A moving party's failure to comply with Rule 56.1 is itself sufficient to deny its motion"); Bowers v. Nat'l Collegiate Athletic Ass'n, 9 F. Supp. 2d 460, 476 (D.N.J. 1998) ("This failure to comply with the Local Civil Rule would by itself suffice to deny [defendant's] motion for summary judgment.").  The Federal Rule permits the Court to order the same relief.  See Fed. R. Civ. P. 56(e)(4) ("If a party fails to properly support an assertion of fact . . . issue any other appropriate order.").

Plaintiff's motion for summary judgment must be denied for two fundamental reasons.  First, Plaintiff has failed to support her motion with a Local Civil Rule 56.1 statement.  This Court has previously noted, "Local Civil Rule 56.1 serves an important purpose both procedurally and substantively. It focuses the parties on the facts material to the dispute.  It allows the court, with the help of the parties, to isolate those facts for the purpose of applying the appropriate legal standard or controlling precedents.  Without compliance with the Rule, the Court is left to sift through often voluminous submissions in

7

search of-sometimes in vain-the undisputed material facts.  In short, if the parties do not provide the appropriate statements and respond forthrightly to their opponent's submissions, the process of summary judgment breaks down.  For that reason, the Rule provides that a motion that does not comply with the Rule 'shall' be denied."  Owens v. American Hardware Mut. Ins. Co., 2012 WL 6761818, at *3 (D.N.J. 2012).

Second, Plaintiff has failed to support her motion with any materials from the record, including the most basic ones such as her applications to USCIS, USCIS's denial of her N-400, and a personal declaration or affidavit to attest to the factual assertions in her brief.  Plaintiff requests that this Court find that a federal agency acted in an arbitrary and capricious manner, and declare several acts of Congress to be unconstitutional.  Such lofty relief with significant and far-reaching consequences of national importance may only be implemented through, at a minimum, the consideration of a properly supported motion.  Even though Defendants' opposition to Plaintiff's motion attaches numerous materials in compliance with Federal Rule 56(c), the Court declines to assess the viability of Plaintiff's claims on Plaintiff's deficient affirmative motion for summary judgment in her favor, rather

8

than on a motion filed by Defendants for relief in their favor.[3]

Consequently, on procedural and substantive grounds, Plaintiff's motion for summary judgment must be denied.  An appropriate Order will be entered.


Date: November 24, 2020             s/ Noel L. Hillman
At Camden, New Jersey               NOEL L. HILLMAN, U.S.D.J.

---

[3] Defendants obviously could not provide a responsive Local Rule 56.1 statement because of Plaintiff's failure to provide her Local Rule 56.1 statement.  See L. Civ. R. 56.1(a) ("The opponent of summary judgment shall furnish, with its opposition papers, a responsive statement of material facts, addressing each paragraph of the movant's statement, indicating agreement or disagreement and, if not agreed, stating each material fact in dispute and citing to the affidavits and other documents submitted in connection with the motion; any material fact not disputed shall be deemed undisputed for purposes of the summary judgment motion.").  Defendants had the option, although it is not a requirement, to file their own Local Rule 56.1 supplemental statement, but they did not do so.  See id. ("[T]he opponent may also furnish a supplemental statement of disputed material facts, in separately numbered paragraphs citing to the affidavits and other documents submitted in connection with the motion, if necessary to substantiate the factual basis for opposition.").